FILED
SUPERIOR COURT
OF GUAM

2024 JUN 25 PM 5: 45

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM<br><br>vs.<br><br>GEORGINA MARIE CHARFAUROS<br>DOB: 07/27/1976<br><br>Defendant. | CRIMINAL CASE NO. CF0034-20<br><br>**DECISION AND ORDER**<br>*Re: Defendant's Motion to Dismiss the First Charge of the Indictment* |

This matter came before the Honorable Arthur R. Barcinas on March 20, 2024, for a pre-trial conference and hearing on a Motion to Dismiss the First Charge of the Indictment ("Motion") filed by Defendant Georgina Marie Charfauros ("Defendant") on February 6, 2024. Defendant was represented by Alternate Public Defender Annie Gayle. Assistant Attorney General Gloria Rudolph represented the People of Guam ("the People").

## BACKGROUND

On January 17, 2020, the People filed a Magistrate's Complaint accusing Defendant of: 1) Burglary (As a 2nd Degree Felony); 2) Theft (As a 2nd Degree Felony), with Special Allegation: Vulnerable Victim Enhancement; 3) Identity Theft (As a 3rd Degree Felony), and; 4) Theft (As a Misdemeanor). On January 27, 2020, a grand jury returned an Indictment charging Defendant with, *inter alia*, the Charge of Burglary (As a 2nd Degree Felony) (the "First Charge"), "in that she did enter and surreptitiously remain in the habitable property of [the victim], with the intent to commit the crime of theft therein, at a time when the premises

were neither open to the public nor the Defendant licensed or privileged to so enter, in violation of 9 GCA §§ 37.20(a) and 37.20(b), as amended." Indictment, at 2 (Jan. 27, 2020).

On February 6, 2024, Defendant filed the Motion, moving the Court for an order to dismiss the First Charge. In the Motion, Defendant argued that there is nothing in the evidence that shows probable cause to believe that Defendant is guilty of the crime of burglary. Defendant claimed that, the day before the alleged burglary, she was instructed by the victim to clean his house, and that, after entering the house with the intent to clean and commencing said cleaning, she noticed the Rolex in the watch and committed the theft of the watch. Defendant argued that, because she was allegedly privileged to enter the victim's home for the purpose of cleaning it, that element of the burglary charge is not met.

On February 19, 2024, the People filed an Opposition to the Motion, stating that nowhere in the discovery is any evidence or direct statement by the victim that he had hired Defendant to clean his residence or had authorized her in any capacity to be there. Defendant filed no Reply. On March 20, 2024, the Court took the matter under advisement.

## DISCUSSION

Defendant argues that nothing in the evidence demonstrates that there is any probable cause to believe Defendant is guilty of the crime of burglary.

Pursuant to 8 GCA § 45.80(b), "[i]f from the evidence it appears that there is no probable cause to believe that an offense has been committed or that the defendant committed it, the court shall dismiss the complaint and discharge the defendant. Such discharge shall not preclude the government from instituting a subsequent prosecution for the same offense."

Defendant argues that the People have not established probable cause to demonstrate that Defendant has committed the crime of burglary because the People have not established all

of the elements for burglary. Specifically, Defendant argues that the People have not sufficiently established that Defendant entered the victim's home with the intent to commit theft, or that Defendant was without privilege to be in the victim's home.

Under Guam law,

> [a] person is guilty of burglary if he enters or surreptitiously remains in any habitable property, building, or a separately secured or occupied portion thereof … with intent to commit a crime therein, unless the premises are at the time open to the public or the defendant is licensed or privileged to enter …

9 GCA § 37.20(a).

Defendant argues that the facts of the case do not demonstrate that Defendant entered the house with intent to steal the watch, because Defendant was allegedly instructed by the victim the day prior to clean his house, and Defendant allegedly entered the home with intent to clean before noticing and then stealing the watch. Defendant further argues that she was privileged to enter the victim's house for the purpose of cleaning it, in accordance with the alleged prior arrangement between herself and the victim.

The People counter that nowhere in the discovery is any direct statement by the victim that he had hired Defendant to clean his residence or authorized her to be in his home for any reason. The People instead state that, on September 25, 2019, the victim, in the presence of police Detective Keane D. Pangelinan, made a written statement that Defendant never authorized or hired Defendant to be in his home.

Upon consideration of the record and the parties' arguments, the Court will deny the Motion, on the grounds that the police report provides probable cause to support the charge. "The determination that probable cause exists is predominantly a factual analysis," and a trial

court's determinations on probable cause issues may be reversed only if clearly erroneous. *People v. Gallo*, 2017 Guam 24 ¶ 24.

The Court finds probable cause for multiple reasons. First, the accounts in the police report, dated July 24, 2019, given to an Officer Santiago, indicate that, in video footage of the house interior on the day in question, Defendant appeared to have entered the house through an unsecured outside bathroom door while the victim was out of the house. "The northwest outside bathroom that was possibly the point of entry/exit into the residence is connected to the northwest bedroom." Opp., Ex. 2. Upon entering the home, Defendant emerged from the northwest bedroom, entered the northeast bedroom, and then the southeast bedroom, before again entering the northwest bedroom, presumably exiting through the same point of entry. A reasonable person with a valid purpose to be there would either be let in by the victim or, if authorized to clean as she claims, would have a key. Defendant's choice to enter through the unsecured outside bathroom door, rather than the front door, speaks further to an intent not to be noticed. The fact that she only entered the bedrooms and did not seem to inspect any other part of the house speaks to an intent to search said bedrooms. Further, neither the accounts of Defendant's behavior nor the footage photo submitted by the People indicate that Defendant was carrying any sort of cleaning paraphernalia, which weighs against Defendant's claim that she was there to clean. Finally, while the report states that Officer Santiago, while conducting a scene check, stated that "the inside of the residence" and "[a]ll three bedrooms" showed "no signs of disarray, ransacked, or damaged," the People stated at the March 20, 2024 hearing that they had spoken with Officer Santiago regarding that portion of the report, and "he was shocked to hear" it because "as he recalls it, it was in disarray, and the photographs can corroborate that. So he confirmed that that was an error in his report, and the photographs taken at the time will

also confirm it appears to have been an error of transcription." Hearing Tr., 10:22:00-10:23:00 (March 20, 2024). As to Defendant's privilege, the People submitted a written statement from the victim, dated September 25, 2019, in which the victim appears to write, "I gine cundiffe[sic] is not allowed in my House I never hired her in any where[sic] officer pangelinan[.]" Opp., Ex. 1, Police Report 19-21313 at p.29.

Second, the sole piece of evidence presented by Defendant to substantiate her defense is an excerpt from the same police report, in which a reviewing officer, an Officer Kim, conducted a follow-up investigation and stated on January 15, 2020, that "at about 9:00am, on 9/13/19, Detective K.C.[sic] Pangelinan ... met with Daniel Guerrero, the complainant, and began a follow-up investigation relative to the Burglary reported," and that "Guerrero reported that his home was burgled on 07/23/19, by GEORGINIA[sic] CUNDIFF QUENGA, who was hired to clean Guerrero's residence." Mot., Ex. 1, Police Report No. 19-21313 at p.15. While this statement does state that Defendant was hired to clean the victim's home, this does not explicitly mean that Defendant was privileged to be in the victim's home at the time of entry, and, in light of all other evidence presented, the Court does not find this piece of evidence sufficient to outweigh the demonstration of probable cause, and leaves the matter of Defendant's privilege instead to the determination of the ultimate finder of fact at trial.

Even were the Court to not find probable cause, the evidence presented by Defendant compels the Court to deny the Motion to Dismiss because it disputes the fact of whether Defendant was hired or not, which speaks to the element of privilege under the Burglary charge. The Ninth Circuit and other courts have held that, in a criminal trial, arguments raised in a motion to dismiss that rely on disputed facts should be denied because they force the Court to decide on findings of fact prior to the trial. *See, e.g., U.S. v. Nukida*, 8 F.3d 665, 669 (9th Cir.

1993) (finding that a motion to dismiss in a criminal trial is generally capable of determination before trial if it involves questions of law rather than fact, but the court may not invade the province of the ultimate finder of fact).

There being a dispute of material fact in regard to the privilege element of the Burglary charge, the Court cannot rule on the Motion to Dismiss, as doing so would force the Court to enter the domain of the ultimate finder of fact. Accordingly, the Court **DENIES** Defendant's Motion.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendant's Motion to Dismiss the First Charge.

**IT IS SO ORDERED** JUN 2 5 2024 _____ .

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**